PER CURIAM.
By this appeal, we are called upon to review the correctness of the final judg- *857 merits[1] rendered upon a complaint which sought an accounting and damages for alleged breach of agreements. The final judgments under review read as follows:
:j« í|< í}í >■«
“This action was tried, non-jury, before the Court. On the evidence presented, the Court makes the following findings:
“STATEMENT OF THE CASE
“1. Plaintiff, JAMES M. RASKIN, filed a complaint in three counts. Count one is for an accounting of the net sales produced by WELLINGTON ORIENT, INC. from March 1, 1969 to December 31, 1969, based upon a letter agreement dated October 30, 1969. Plaintiff claims one-half of one per cent of said net sales as incentive commissions.
“2. Count two is a claim for damages for breach of contract based upon the same letter agreement, dated October 30, 1969, as in Count one. Both said Counts one and two pertain to the same subject matter.
“3. Count three is separate and distinct from Counts one and two, and is a claim for damages for breach of an oral agreement by defendant to pay plaintiff for one share of stock delivered to defendant by plaintiff at defendant’s request.
“4. When the case was filed in the Circuit Court of Dade County, Florida, it was first assigned to Judge J. Gwynn Parker. On November 21, 1972, an evi-dentiary hearing was held before Judge Parker on plaintiff’s motion to determine plaintiff’s right to an accounting; and on November 21, 1972, Judge Parker made an order that the plaintiff was entitled to an accounting. Subsequent to the entry of that order, Judge Parker was transferred to the Probate Division of the Circuit Court of Dade County, Florida, and the case was thereupon assigned to the undersigned Judge.
“5. This Court held non-jury trials on March 12, 1973 and continued on June 5, 1973, at which times the parties presented their evidence.
“FINDINGS OF FACT
“AS TO COUNT I AND COUNT II: The Court makes the following findings of fact:
“1. The plaintiff, JAMES M. RAS-KIN, was employed in an executive capacity by WELLINGTON ORIENT, INC., a Florida corporation, continuously from March 1, 1969 to some time in January 1970. WELLINGTON ORIENT, INC. was engaged in the business of selling land for other land companies as well as selling its own land; it had offices all over the United States; and it employed several hundred salesmen. WELLINGTON ORIENT, INC. was paying to plaintiff, JAMES M. RAS-KIN, Eight Hundred Dollars ($800.00) per week as salary, plus an incentive commission of one-half of one percent override on all sales produced by WELLINGTON ORIENT, INC.
“2. Defendant, BERNARD H. HOROWITZ, was the President of WELLINGTON ORIENT, INC. and he was a substantial stockholder in that corporation. During the employment of plaintiff, RASKIN, the defendant, BERNARD H. HOROWITZ, was carrying on negotiations, actively, for the sale of all of the WELLINGTON ORIENT, INC. stock to CAVANAUGH LEASING CO., and it was to the financial advantage and benefit of defendant, HOROWITZ, that the sale should go through. During those negotiations by defendant, HOROWITZ, for the sale of the WELLINGTON ORIENT, INC. stock *858 to CAVANAUGH LEASING CO., the defendant, HOROWITZ, had neglected to tell CAVANAUGH LEASING CO. that the plaintiff, JAMES M. RAS-KIN, had an employment agreement with WELLINGTON ORIENT, INC, whereby plaintiff, RASKIN, was entitled to an override of one-half of one percent of all land sales produced by WELLINGTON ORIENT, INC, as an incentive commission. When plaintiff, RAS-KIN, learned that defendant, HOROWITZ, had neglected to advise CAV-ANAUGH LEASING CO. of plaintiff, RASKIN’s, right to the incentive commission, plaintiff, RASKIN, demanded of defendant, HOROWITZ, protection for his override commission. Thereupon, it being to defendant, HOROWITZ’s financial advantage and benefit that the sale of the stock should go through, defendant, HOROWITZ, and plaintiff, RASKIN, signed a letter agreement, dated October 30, 1969, which was introduced at the non-jury trial before the undersigned Court as plaintiff’s exhibit 1 (and which had also been introduced at the previous hearing before Judge Parker on the question of plaintiff’s entitle to an accounting), whereby defendant, HOROWITZ, agreed to pay to plaintiff, RASKIN, as an incentive commission a sum equal to one-half of one percent of the net land sales produced by WELLINGTON ORIENT, INC. commencing on the 1st day of March 1969 to December 31, 1969. It was also agreed in that letter agreement that said one-half of one percent incentive commission would be paid by defendant, HOROWITZ, to plaintiff, RASKIN, in stock of CAV-ANAUGH LEASING CO., owned by defendant HOROWITZ, and that payment would be made 120 days after December 31, 1969, at the then market value of the stock equalling the payment due.
“3. The sale of the WELLINGTON ORIENT, INC. stock to CAVANAUGH LEASING CO. was consummated in or about February 1970, at which time defendant, HOROWITZ, received several thousand shares of CAVANAUGH LEASING CO. stock.
“4. The net sales produced by WELLINGTON ORIENT, INC. from March 1, 1969 to December 31, 1969 totalled Twenty-Two Million Four Hundred Eleven Thousand Seventy-Six Dollars ($22,411,076.00). The Court finds that the plaintiff, JAMES M. RASKIN, was entitled to a sum equal to one-half of one percent of that amount, or One Hundred Twelve Thousand Fifty-Five Dollars and $38/100 ($112,055.38). Defendant, HOROWITZ, did not turn over any of the CAVANAUGH LEASING CO. stock to plaintiff, RASKIN, within 120 days after the 31st day of December 1969, namely, the 1st day of May 1970, nor at any time thereafter; nor did defendant, HOROWITZ, pay to plaintiff, RASKIN, the $112,055.38 to which the Court finds that plaintiff, RASKIN, was entitled under the terms of the aforesaid letter agreement, dated October 30, 1969. Defendant, HOROWITZ, has since disposed of all of his CAVANAUGH LEASING CO. stock.
“AS TO COUNT III: The Court makes the following findings of fact:
“1. In or about the year 1970, plaintiff, JAMES M. RASKIN, owned one share of five of the issued shares of capital stock of WELLINGTON ORIENT, LTD., a Nassau corporation. Defendant, BERNARD H. HOROWITZ, also owned and/or controlled a substantial portion of the remaining stock of that corporation.
“2. Defendant, HOROWITZ, was negotiating to sell all of the stock of WELLINGTON ORIENT, LTD. to FIRST AMERICAN INVESTMENT & MANAGEMENT COMPANY, and it was to HOROWITZ’s financial advantage and benefit that the sale be made. Therefore, he made an oral agreement with plaintiff, RASKIN, that if plaintiff, RASKIN, would agree to transfer his stock to the prospective pur *859 chaser, the defendant, HOROWITZ, would pay to plaintiff, RASKIN, a sum equal to one-fifth of the proceeds of the sale. Plaintiff, RASKIN, thereupon turned over his aforesaid one share of stock to defendant, HOROWITZ, who consummated the sale of all of the shares of WELLINGTON ORIENT, LTD. stock. The Court finds that the purchaser, FIRST AMERICAN INVESTMENT & MANAGEMENT COMPANY paid One Hundred Twenty-Five Thousand Dollars ($125,000.00) for all of the WELLINGTON ORIENT, LTD. stock, and that defendant HOROWITZ, received Seventy Thousand Dollars ($70,000.00) thereof for his own use and benefit.
“3. Plaintiff, RASKIN, testified that WELLINGTON ORIENT, LTD., a Nassau corporation, was incorporated in or about the year 1969. Defendant, HOROWITZ, offered evidence to prove that the corporation, known as WELLINGTON ORIENT, LTD.,' a Nassau corporation, had been in existence for several years prior to 1969 under various other names, and that in 1969 a name change was made to WELLINGTON ORIENT, LTD. Plaintiff, RASKIN, conceded that WELLINGTON ORIENT, LTD. was the name adopted by a corporation which had been in existence for several years prior to 1969 under those various other names. The Court finds that the plaintiff, RASKIN, was not a lawyer, and that he, being a layman, might reasonably believe that the change of corporate name in 1969 was tantamount to formation of a new corporation.
“4. Defendant, HOROWITZ, testified that he did not personally receive the $70,000.00 of the $125,000.00 paid by FIRST AMERICAN INVESTMENT & MANAGEMENT CO., and that the $70,000.00 was paid to SEABOARD HOLDING, INC., a corporation. Plaintiff, RASKIN, testified that the $70,000.00 was paid to defendant, HOROWITZ. The Court finds that the payment of the $70,000.00 was made to defendant, HOROWITZ. The Court further finds that if the $70,000.00 was in fact paid to SEABOARD HOLDING, INC., then the defendant, HOROWITZ, had complete control and substantially and for all practical intents and purposes complete ownership of SEABOARD HOLDING, INC., and that SEABOARD HOLDING, INC. was the alter ego of defendant, HOROWITZ, and that it would be inequitable to permit defendant, HOROWITZ, to avoid personal liability under the circumstances.
“JUDGMENTS
“IT IS ADJUDGED:
“1. That the plaintiff, JAMES M. RASKIN, recover from the defendant, BERNARD H. HOROWITZ, under Count I and Count II, the sum of One Hundred Twelve Thousand Fifty-Five and 38/100 Dollars ($112,055.38), together with interest, thereon, in the sum of $22,411.06, computed at the rate of six percent per annum from the date when payment was due, to wit: the 1st day of May, 1970, to the date hereof; for which let execution issue. Costs will be hereafter assessed upon motion and hearing.
“2. That the plaintiff, JAMES M. RASKIN, recover from the defendant, BERNARD M. HOROWITZ, under Count III, the sum of Fourteen Thousand Dollars ($14,000.00), together with interest, thereon, in the sum of $1,435.00, computed at the rate of six percent per annum from the date when suit was filed, to wit: the 16th day of December, 1971; for which let execution issue. Costs will be hereafter assessed upon motion and hearing.”
******
We find that the findings of fact made by the trial judge are supported by
*860 the record and, therefore the judgments are affirmed. See: Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421; Cooper v. Fulton, Fla.App.1959, 107 So.2d 798; Hattaway v. Florida Power & Light Company, Fla.App.1961, 133 So.2d 101; Maryland Casualty Company v. Krasnek, Fla.1965, 174 So.2d 541; Peninsular Life Insurance Company v. Hanratty, Fla.App.1973, 281 So.2d 609; Parker v. Purvis, Fla.App.1973, 282 So.2d 12; In Re Siddons, Fla.App.1974, 297 So.2d 54; 13 Fla.Jur., Evidence, §§ 64 and 67. It is noted that no error was assigned as to the accounting as ordered by Judge Parker nor as to the failure to admit certain documentary evidence. Therefore, these matters are not before us for consideration. Vaughn v. Smith, Fla.1957, 96 So.2d 143; Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1960, 122 So.2d 51; Metropolitan Dade County v. Maddox, Fla.App.1970, 242 So.2d 165; United Theatres of Florida, Inc. v. State, Fla.App.1972, 259 So.2d 210.
Therefore, upon the authorities above stated, the final judgments here under review are hereby affirmed.
Affirmed.

. The trial court designated one instrument as “Final Judgments for Plaintiff”,' obviously because of the adjudication portion which awarded two separate judgments, both for which he let execution issue. No complaint is made as to the form of the judgment.