(No. 54280.—

*In re* MARRIAGE OF RUTH ISABELL EMKEN, Appellant, and HENRY EDWARD EMKEN, Appellee.

*Opinion filed September 30, 1981.*

Kerry R. Cordis, of Princeville, for appellant.

Baudino, Potter & Maas, of Farmington (John C. Potter, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Ruth Isabell Emken, appealed from the judgment of the circuit court of Peoria County entered upon dissolution of her marriage to respondent, Henry Edward Emken. The appellate court affirmed (89 Ill. App. 3d 667), and we allowed petitioner's petition for leave to appeal (73 Ill. 2d R. 315). The facts are adequately stated in the appellate court opinion and will be repeated here only to the extent necessary to discuss the issues.

The first question presented is whether, under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503), the circuit court properly assigned to respondent as nonmarital property the sum of $14,257.72, which he had deposited in a joint checking account immediately after the marriage. The source of the money was a savings account and a checking account which respondent had maintained prior to the marriage. There appears to be no question that although the petitioner sometimes wrote checks on the account all funds deposited were received from the respondent. During the marriage the account balance fluctuated from $1,000 to $19,000. Respondent testified that approximately $8,000 of the money originally deposited was used sometime after the marriage to purchase a new combine. Petitioner testified that when she left respondent she withdrew $8,258.57 from the account.

*In re Marriage of Rogers* (1981), 85 Ill. 2d 217, presented the question whether the husband should have been assigned an interest in the jointly held marital residence equal to the amount of nonmarital funds he provided for its purchase. Following review of many of the opinions of the appellate court involving the disposition of property ac-

quired, in part, with nonmarital funds, we said:

> "The new act incorporates a partnership theory of marriage. [Citations.] The Act does not purport, however, to change the law regarding interspousal transfers of property owned individually. It does not indicate, by implication or otherwise, any dissatisfaction with prior cases in which the intention of a spouse conveying property was ascertained. It may be anachronistic now to refer to an intent to convey a gift to the other spouse, but it is not improper to refer to an intent to convey a gift to the marriage. Therefore, a marital residence owned by both spouses, even if one spouse has furnished all of the consideration for it out of nonmarital funds, will be presumed 'in fact' as marital property, absent convincing rebutting evidence. Accord, *Carter v. Carter* (Me. 1980), 419 A.2d 1018." *In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 222-23.

We fail to perceive a distinction between a jointly held marital residence and a jointly held account. We note, too, that the evidence shows that respondent retained sole ownership of a time deposit certificate which he had at the time of the marriage. The deposit of certain funds in the joint account out of which the household expenses of the parties were paid while retaining sole ownership of other funds tends to prove that it was respondent's intent that the jointly held funds be marital property. (*In re Marriage of Rogers* (1981), 85 Ill. 2d 217.) We hold that the evidence did not overcome the presumption, and that, in holding that respondent was entitled to the amount of the original deposit as his nonmarital property, the appellate and circuit courts erred.

We consider next petitioner's contention that the circuit court erred in assigning to respondent as nonmarital property the value of certain equipment and grain which he owned at the time of his marriage. The order of the circuit court contains an itemized list of the specific chattels involved and a valuation assigned to each as of the date of

marriage. These items, including 3,000 bushels of corn, were valued at $18,253.57.

We are of the opinion that the trial court did not err in setting off to the respondent as his nonmarital property the value of the grain and equipment which he owned at the time of the marriage. The testimony shows that each of the parties was the owner of a farm and that petitioner's income from her farm was retained by her. It shows further that the value of the equipment and grain owned by respondent at the time of the dissolution was greatly in excess of the value of that which he owned at the time of the marriage. There is nothing in the record which shows that it was the intent of the parties that the property in question be marital property. The situation here was much more analogous to that found in the operation of a business which has among its assets merchandise, equipment and fixtures. In determining the value of the property at the time of dissolution and setting off to the respondent the value of the property at the time of the marriage the circuit court correctly recognized that the additional property acquired during the marriage was marital property. We are of the opinion that the circuit court correctly construed the statute and did not err in its determination of this issue.

We consider next petitioner's contention that the circuit court erred in reducing the value of the assets in respondent's possession by the amounts which he would be required to pay in income tax on a Keogh plan if he were to terminate it, and the interest penalties which would be sustained in the event of early surrender of his certificates of deposit. There is no evidence in this record that either action was made necessary by reason of the judgment entered in this case. It was therefore improper to reduce the valuations in anticipation of losses which might result from respondent's voluntary action.

For the reasons stated the judgments of the appellate and circuit courts are reversed and the cause is remanded to

the circuit court of Peoria County for futher proceedings consistent with this opinion.

*Affirmed in part and reversed in part and remanded.*