545 So.2d 892 (1989)
Alan V. LEVAN, Appellant,
v.
Theresa Sue LEVAN, Appellee.
Nos. 87-2768, 88-362.
District Court of Appeal of Florida, Third District.
February 14, 1989.
Rehearing Denied July 21, 1989.
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson and Bradford Swing and Eugene Stearns, Miami, for appellant.
Fine, Jacobson, Schwartz, Nash, Block & England and Joanne M. Rose and Arthur England, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON,[*] JJ.
*893 PER CURIAM.
After entry of a dissolution of marriage judgment, the husband appeals urging error in two matters. First that the trial court erred in failing to take into account the future impact of federal taxes on the husband if he should dispose of certain of the assets awarded to him in the distribution of the marital assets.[1] And second, that the trial court erred in requiring him to pay a portion of the wife's attorney's fees.
We affirm. First, this record does not demonstrate that the trial court did not take future tax liabilities into account when distributing the marital assets to the respective parties.[2] Plus the majority of the jurisdictions which have considered this issue hold that it is not error for a trial court to refuse to take into account the potential of future tax liability in making awards to the respective parties. Biddulph v. Biddulph, 147 Ariz. 571, 711 P.2d 1244 (Ariz. Ct. App. 1985); Johnson v. Johnson, 131 Ariz. 38, 638 P.2d 705 (Ariz. 1981); In re Marriage of Goldstein, 120 Ariz. 23, 583 P.2d 1343 (Ariz. 1978); In re Marriage of Fonstein, 17 Cal.3d 738, 131 Cal. Rptr. 873, 552 P.2d 1169 (1976); Weinberg v. Weinberg, 67 Cal.2d 557, 63 Cal. Rptr. 13, 432 P.2d 709 (1967); In re Marriage of Sharp, 192 Cal. Rptr. 97, 143 Cal. App.3d 714 (1983); In re Marriage of Emken, 86 Ill.2d 164, 56 Ill.Dec. 45, 427 N.E.2d 125 (1981); Burkhart v. Burkhart, 169 Ind. App. 588, 349 N.E.2d 707 (1976); Crooker v. Crooker, 432 A.2d 1293 (Me. 1981); Brockman v. Brockman, 373 N.W.2d 664 (Minn.App. 1985); Aaron v. Aaron, 281 N.W.2d 150 (Minn. 1979); Weaver v. Weaver, 72 N.C. App. 409, 324 S.E.2d 915 (1985); Stern v. Stern, 66 N.J. 340, 331 A.2d 257 (1975); In the Matter of Olinger and Olinger, 75 Or. App. 351, 707 P.2d 64 (1985); Hovis v. Hovis, 518 Pa. 137, 541 A.2d 1378 (1988).
In Hovis v. Hovis, supra, the court stated in part:
"... [W]here there is merely a likelihood or possibility that a taxable event will occur, the court is left to speculate as to the tax consequences... .
* * * * * *
... If Mr. Hovis dies before retirement, the property passes to his heirs without the imposition of an ordinary income tax or capital gains tax as no taxable event will have occurred... . Additionally, if Mr. Hovis decides not to retire at age sixty-five and continues to work until, say, the age seventy or seventy-five, the trial court would be unable to reasonably predict what his future tax liability would be because tax rates constantly change... . Consequently, a present deduction from the value of a marital asset for future tax liability that cannot reasonably be calculated and, in fact, may never be imposed could result in a windfall to Mr. Hovis and a corresponding disadvantage to Mrs. Hovis.
... In order to insure a `fair and just determination and settlement of property rights' we favor predictability over mere surmise in the valuation and distribution of marital property after divorce. Accordingly, we hold that potential tax liability may be considered in valuing marital assets only where a taxable event has occurred as a result of the divorce or equitable distribution of property or is certain to occur within a time frame such that the tax liability can be reasonably predicted."
* * * * * *
*894 We also find no error in the trial court requiring the husband to pay for a portion of the wife's attorney's fees. Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987); Kelly v. Kelly, 491 So.2d 330 (Fla. 1st DCA 1986); O'Steen v. O'Steen, 478 So.2d 489 (Fla. 1st DCA 1985). Therefore, the final judgment of dissolution and the order on attorney's fees are affirmed.
Affirmed.
NOTES
[*] Judge Ferguson participated in the decision, but did not hear oral argument.
[1] The appellant offered the "Personal Financial Statements Guide" promulgated by the American Institute of Certified Public Accountants (the "AICPA" guide) into evidence, which upon appropriate objection, was not admitted. Contrary to the applicable authority, Barton v. Keyes Company, 305 So.2d 269 (Fla. 3d DCA 1974); Florida Livestock Board v. Hygrade Food Products Corporation, 141 So.2d 6 (Fla. 1st DCA 1962), the appellant has relied on this foreign matter in his brief when there is no issue made on the appropriateness of the trial court's denial of this matter into evidence. See & compare Horowitz v. Raskin, 305 So.2d 856 (Fla. 3d DCA 1974); Truxell v. Truxell, 259 So.2d 766 (Fla. 1st DCA 1972).
[2] A review of this record reveals evidence that the marital assets accumulated by the parties had a value from a low of $3,000,000. to a high of $10,000,000. The trial court awarded the wife approximately $2,000,000. and the husband approximately $4,000,000.