MARY ZITO, Petitioner-Appellee, v. JOHN ZITO, SR., Respondent-Appellant.

First District (6th Division)  No. 1—89—0476

Opinion filed April 16, 1990.

Nicholas M. Spina and Joseph B. Taconi, Jr., both of Chicago, for appellant.

Joel S. Ostrow, of Chicago, for appellee.

JUSTICE EGAN delivered the opinion of the court:

The respondent, John Zito, Sr., appeals from that part of a judgment of dissolution of marriage which disposed of the parties' property.

The respondent and the petitioner, Mary Zito, originally married on August 16, 1947, but were divorced in 1961. One child was born of this marriage, John Zito, Jr., who was emancipated at the time of trial.

After the parties divorced, the petitioner and her father purchased a house in 1967; title to the house was in the petitioner's name only, but the father co-signed the mortgage note. Both the petitioner and her father made payments on the mortgage.

On November 24, 1974, the parties remarried. The respondent moved into the petitioner's house. At that time, the parties began paying the mortgage out of a checking account containing marital funds. Apparently, the checking account was in the petitioner's name but contained funds earned by the respondent during the marriage and was used to pay all household bills.

In 1979, the respondent's name was placed on the title and the parties refinanced the existing mortgage debt and added an additional debt of $18,000. The existing mortgage was retired, and the additional $18,000 was paid to the petitioner's brother to settle a pending lawsuit in which the brother claimed an interest in the property flowing from the father, who had died. The petitioner and respondent both signed the new note secured by the new mortgage and continued to make the new mortgage payments from the same checking account.

Several improvements were made to the house during the parties' second marriage. A family room, a garage and driveway, a patio, and a sprinkler system were added. Also, the roof and central air conditioning were replaced, and part of the electrical system was rewired. Finally, the kitchen was remodeled and the house was tuck-pointed. Although the only evidence in support of these improvements was the parties' testimony (no documentation was offered), and although their testimony differed as to the value of the improvements and the source of funds for payment for the improvements, the trial judge concluded that the respondent, by his personal efforts, had made a special contribution to the house totalling $18,400.

The parties' separate tax returns for 1986 and 1987 were prepared by the same accountant. These returns showed that each party took deductions for one-half of the mortgage interest and one-half of the real estate taxes for each year shown.

The petitioner filed a petition for dissolution of marriage on May 23, 1986. Following the entry of an *ex parte* order of protection, the court entered a default judgment against the respondent and ordered him to vacate the marital premises. The respondent then successfully motioned to have the default vacated and filed his appearance and answer in September 1986. On October 16, 1986, the court recognized the parties' stated desire to attempt a reconciliation and allowed them to resume cohabitation as husband and wife. However, on March 9, 1987, on the petitioner's motion, the court set the case for trial.

The petitioner testified that in September 1986, before the parties' temporary reconciliation, she found 22 bundles of cash totalling $22,000 in a box in the basement. She had her son's mother-in-law, Norine Silvestri, come to the house and take pictures of the bundles.

Mrs. Silvestri testified that she took several pictures of the money, which were admitted into evidence. The petitioner further testified that, when the reconciliation was being discussed, she questioned the respondent about the cash, and he indicated that the money was his and that he intended to move it. He put the money in a can, and two days later the can was gone. The respondent subsequently told the petitioner that he had taken the money.

The respondent testified that the petitioner at one time asked him about $22,000 in cash that she found in the house. However, he denied any knowledge or ownership of the money and denied ever seeing or taking the money from the home.

The petitioner filed a pretrial memorandum in accordance with the circuit court rules and, following trial, filed a written closing statement pursuant to the court's instruction to both parties. The respondent did not file either a pretrial memorandum or a closing statement. In the judgment order, the judge made particular note of the fact that the respondent had not filed a pretrial memorandum or a closing statement. What has been called a "closing statement" by the judge and the parties, we interpret to mean a written closing argument.

The judge's memorandum order made findings of fact and conclusions of law in classifying and distributing the property. He held that the petitioner, by "clear and convincing evidence," had overcome the presumption that she intended to make a gift to her husband of a one-half interest in the marital home and classified the home as nonmarital property belonging to the petitioner. The respondent contends that the judge erred in classifying the marital residence as nonmarital property of the petitioner.

■■ The respondent does not contest that before the transfer of title to him the property was the nonmarital property of the petitioner. Rather, he says, when "a spouse owning separate nonmarital property performs the affirmative act of *** transferring title into a form of joint ownership *** such act creates the 'rebuttable presumption' of that party's intention to change the character of the property to marital." (*In re Marriage of Wojcicki* (1982), 109 Ill. App. 3d 569, 572-73, 440 N.E.2d 1028, 1030.) This presumption of transmutation may be rebutted by clear and convincing evidence that no gift to the marital estate was intended. *In re Marriage of Emken* (1981), 86 Ill. 2d 164, 427 N.E.2d 125; *Bruin v. Bruin* (1966), 72 Ill. App. 2d 51, 219 N.E.2d 68.

The trial judge found that the respondent relied solely on the presumption of transmutation to establish that the house became marital

property, and that the petitioner established by clear and convincing evidence that the conveyance was for convenience and necessity in order to obtain $18,000 with which to settle the petitioner's brother's claim on the property. We must express disagreement with this finding of the trial judge. The petitioner testified that her husband's name was put on the title when they both refinanced the existing mortgage; the funds from the new mortgage were used to pay off the old mortgage and to pay her brother $18,000. She did not testify that her husband's name was put on the title in order to settle her brother's claim. We find it most significant that she was never asked any questions about her intent at the time her husband's name was put on the title. We do not believe that the petitioner's evidence was clear and convincing to rebut the presumption that she intended to make a gift, and, most important, the petitioner is wrong when she states that the respondent "paid no consideration when his name was placed on the title." The respondent provided consideration when he executed the mortgage note obligating himself to repay the money.

The petitioner relies on *In re Marriage of Benz* (1988), 165 Ill. App. 3d 273, 518 N.E.2d 1316, and *In re Marriage of Leff* (1986), 148 Ill. App. 3d 792, 499 N.E.2d 1042. Both cases are factually inapposite. In *Benz*, the wife testified specifically that it was never her intent to make a gift. She also established that she had resisted transferring the property held in her name to a joint trust with her husband for a period of time, that her husband kept "pestering" her to place the property in a marital trust and that she finally agreed in order to keep peace in the family because her husband had become increasingly verbally abusive. In *Leff* the husband, who was a doctor, testified that he put property in his wife's name only to protect himself from a possible malpractice suit. He expressly said that he did not intend the property to be a gift.

■ We repeat that in this case the petitioner significantly was not asked any questions about her reason for putting her husband's name on the title. The petitioner testified that part of the funds raised through the refinancing were used to settle her brother's asserted interest in the property, but no evidence was offered to show that the petitioner could not obtain the additional funds without adding the respondent's name to the record title on the property. Moreover, strengthening the presumption of a gift, the testimony of both parties indicated that they paid the monthly payments on both the original and the refinanced mortgages from marital funds, and their separately filed tax returns showed that they each claimed one-half of the mortgage interest and real estate taxes as deductions in 1986 and

1987. Most important, however, we repeat, the respondent assumed an obligation under the new mortgage. For these reasons, we judge that the trial judge abused his discretion in concluding that the petitioner had overcome the presumption of a transmutation of the interest in the house by clear and convincing evidence. The marital residence should have been classified as marital property.

The respondent next argues that the judge abused his discretion by failing to consider the petitioner's dissipation of assets in dividing the marital property. We agree with the petitioner's argument that the respondent waived his claim of any alleged dissipation of marital assets by the petitioner. The trial judge made express reference to the fact that no claim of dissipation had been made by either party.

■■ The respondent's argument centers on the five separate accounts totalling $11,350 about which the petitioner testified. In the pretrial memorandum filed by the petitioner she claimed that all of the funds in the accounts were her property alone. At no time did the respondent suggest to the court that the petitioner used the funds for a nonmarital purpose or otherwise raise the issue of dissipation. The respondent failed to file a required pretrial memorandum (see Cook County Cir. Ct. R. 13.4(h)(iv)), despite the judge's specific instruction that he do so. Such a memorandum would have put the court and the petitioner on notice that the respondent intended to charge dissipation or, at least, to claim that he was entitled to one-half of the funds in the accounts. To illustrate, the petitioner did file a pretrial memorandum that listed $22,000, which the husband had removed from the house, as a marital asset; she thus put the court and the respondent on notice that she was claiming half of that property. We conclude that the respondent's failure to file a pretrial memorandum claiming an interest in the accounts and his failure to argue the matter constitute a waiver. For these reasons, we must reject the respondent's claim that the judge erred.

■■ The judge ordered that the respondent be reimbursed the sum of $18,400 representing "special contributions" he had made to the house. It is at least highly probable that such an order would not have been made if the judge had held that the residence was marital property. Our holding that the residence is to be properly classified as marital property requires that we vacate that part of the order that the respondent be reimbursed for special contributions and that the case be remanded to the trial court for further proceedings.

In sum, that part of the judgment holding that the residence was nonmarital property of the petitioner is reversed; that part of the judgment ordering reimbursement to the respondent of $18,400 is va-

cated. In all other respects the judgment is affirmed. This cause is remanded to the trial court for any further necessary proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part, vacated in part and remanded.

LaPORTA, P.J., and McNAMARA, J., concur.