SHEVIN, Judge.
James White appeals a final judgment of dissolution of marriage urging error in the trial court’s denial of his motion to change venue, in the equitable distribution of pension proceeds and in the court’s failure to consider tax consequences in fashioning the equitable distribution. We affirm.
James and Clavon were married in 1977. James began working for Piedmont Air (later USAir) in 1965, and he retired on June 1, 1994. Upon retirement, he received from the USAir Pension Program: $143,238.50 from non-qualified funds; and $778,873.70 from qualified funds. The parties deposited the non-qualified funds into a joint Raymond James account, and paid taxes ($70,000) on the non-qualified funds in 1994. The qualified funds were deposited into a Raymond James IRA account, in James’ name; no taxes were paid on those funds. The sole issue at trial was what percentage of the pension proceeds constituted marital funds. The court adopted former wife Clavon’s expert’s valuation method — the unit benefit formula — and rejected the former husband James’ expert’s valuation method — the cover-ture fraction formula — in dividing the pension funds. James appeals.
As to the first issue, whether venue was proper in Monroe County, we affirm the trial court’s ruling on this issue. There is no transcript of the hearing in the record before us and we will not disturb the trial court’s finding. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). We also find no abuse of discretion in the court’s decision to value the marital assets as of the date of the final hearing. § 61.075(6), Fla. Stat. (Supp.1994).
Additionally, we are not persuaded by James’ argument that the court employed the wrong formula to determine what portion of the pension plan proceeds were marital assets. The court has discretion in determining which method it chooses to employ in determining the value of the pension plan as a marital asset. See DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991), disapproved on other grounds, Boyett v. Boyett, 703 So.2d 451 (Fla.1997). Here, the parties each presented expert testimony regarding their preferred valuation method. The court did not abuse its discretion in using one method as opposed to the other; the court’s conclusion accounts for non-economie as well as economic factors, see Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), and we will not reverse the distribution on this basis.
We are unpersuaded by James’ last argument that the court faded to account for tax consequences of the property division. The evidence presented did not demonstrate that tax liability amounted to anything more than conjecture or speculation. See Levan v. Levan, 545 So.2d 892 (Fla. 3d DCA), review denied, 554 So.2d 1168 (Fla.1989). Therefore, failure to account for tax consequences was not an abuse of discretion.
Based on the foregoing, we affirm the final judgment in its entirety.
Affirmed.