NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TAMARA K. BEASLEY-RODRIGUEZ, *Petitioner/Appellant*,

*v.-*

FRANCISCO J. RODRIGUEZ, *Respondent/Appellee*.

No. 1 CA-CV 13-0469
FILED 09-25-2014

Appeal from the Superior Court in Maricopa County
No. FN2012-003373
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Steven D. Keist P.C., Glendale
By Steven D. Keist
*Counsel for Petitioner/Appellant*

Vescio Law Firm P.C., Glendale
By Theresa L. Seifert
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

D O W N I E, Judge:

¶1         Tamara K. Beasley ("Wife") appeals certain orders included in a decree of dissolution.  For the following reasons, we affirm in part and vacate and remand in part.

### FACTS AND PROCEDURAL HISTORY[1]

¶2         Wife and Francisco J. Rodriguez ("Husband") married in 1988.  In 1994, they purchased a home.  Wife moved out of the home in August 2004.  Husband continued to reside there and made mortgage and property tax payments.

¶3         In 2002, Wife inherited an interest in residential real property from her grandmother.  Community funds were used to improve that property, though the parties disagreed about the cost of those improvements.

¶4         After a trial, the court awarded the marital residence to Husband, with no offsetting distribution or equalization payment to Wife.  The court also awarded Husband $6165 as his share of community contributions made to improve Wife's separate real property.  Wife timely appealed, challenging both of these rulings.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

### DISCUSSION

¶5         The family court has broad discretion in dividing community property, with the goal of achieving an equitable division.  *Boncoskey v.*

---

[1]         Husband contends we should strike a portion of Wife's statement of facts as not supported by proper citations to the record, as required by ARCAP 13(a)(4).  We disregard those portions of the statement of facts not properly supported and rely on our own review of the record for the pertinent facts.  *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1, 963 P.2d 334, 336 n.1 (App. 1998).

*Boncoskey*, 216 Ariz. 448, 451, ¶ 13, 167 P.3d 705, 708 (App. 2007). We will not disturb the apportionment of community property absent an abuse of discretion. *Id.* We consider the evidence in the light most favorable to upholding the family court's ruling and will affirm the ruling if evidence reasonably supports it. *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2, 118 P.3d 621, 622 (App. 2005).

## I.     The Marital Residence

**¶6**          The family court is required to "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind." A.R.S. § 25–318(A). "In most cases, dividing jointly held property substantially equally will be the most equitable unless there exists a sound reason to divide the property otherwise." *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 6, 225 P.3d 599, 601 (App. 2010). However, a court "has broad discretion in determining what allocation of property . . . is equitable under the circumstances," and "courts might reach different conclusions without abusing their discretion." *Id.* at ¶ 7.

**¶7**          In awarding the marital residence to Husband, the family court stated:

> Given the specific facts of this case, it would be inequitable for Wife to reap the benefits of Husband's continued efforts toward the community's obligations by timely paying the mortgage payments and the real estate taxes when Wife did not contribute, either financial or otherwise, in accumulating this community asset since August 2004. Therefore Wife's share of the equity in the marital residence should be reduced by Wife's share of the mortgage payments ($25,056.00) and the taxes ($4,000.00) for a total reduction of $29,056.00. Because Wife's share of equity is less than the reduction, Wife has no equity interest in the house to be distributed to her.

**¶8**          This ruling appears to misapprehend the source of the funds Husband used to pay the mortgage and taxes. Although the parties lived separately during the time in question, neither petitioned for legal separation, and the income they earned during this time period was community property. *See* A.R.S. § 25-213(B). Moreover, the "dollar for dollar" calculation fails to take into account the fact that Husband received significant tax benefits from the mortgage and real estate tax payments he made. Tax returns of record reflect that Husband filed individually, claiming deductions for both mortgage interest and property taxes on the

home.[2]  He also claimed deductions for using the home in connection with his business.  Wife received none of these tax benefits, and it is inequitable to impose full pre-tax amounts on her when Husband's net contributions were substantially less.  Additionally, Husband testified he used funds from a retirement account to pay expenses during the parties' separation.  To the extent he used funds from a community account to make mortgage and tax payments (a point Husband appears to concede), he decreased the balance of that account that was otherwise subject to division at the time of dissolution.  Finally, even Husband conceded that Wife was entitled to *some* equity in the home.  In a post-trial filing, he stated:

> [A] substantially equal distribution of the equity in the marital residence would be inequitable.  Husband acknowledged at trial that *Wife should receive a portion of the equity on the marital residence based on the time that she lived there as part of the community*.  (Emphasis added).

**¶9**        Under these circumstances, the family court erred by not awarding Wife any interest in the marital residence or an offsetting equalization payment.  We therefore vacate the award of the residence to Husband and remand with instructions to make an equitable distribution of that community asset.  Although we do not foreclose the possibility that something other than an equal distribution may be appropriate on equitable grounds, the stated bases for denying Wife any interest in the house are not supported here.

**¶10**        We find no abuse of discretion, however, in the court's valuation of the house.  "[T]he selection of a valuation date rests within the wide discretion of the trial court and will be tested on review by the fairness of the result." *Sample v. Sample*, 152 Ariz. 239, 242-43, 731 P.2d 604, 607-08 (App. 1986).  The valuation of a community asset will be sustained if supported by reasonable evidence. *See Johnson v. Johnson*, 131 Ariz. 38, 46, 638 P.2d 705, 713 (1981) (upholding trial court's valuation of family residence as supported by reasonable evidence).  It is the trial court's role to weigh the evidence and determine the credibility of witnesses. *Imperial*

---

[2]        The tax returns also belie Husband's trial testimony that he paid real estate taxes of $1200-$1300 each year.  Furthermore, the record suggests these taxes were part of Husband's mortgage payment, which included a monthly escrow amount of $108.14.  Husband's affidavit of financial information lists no real estate taxes, notwithstanding a line entry eliciting such information.

*Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 72, 730 P.2d 245, 249 (App. 1986). We do not reweigh conflicting evidence on appeal. *Id.*

¶11        The parties offered conflicting estimates of the house's value. Husband testified it was worth approximately $82,000. In a proposed resolution statement, Wife estimated the value at $80,000. In her pretrial statement, she set the value at $109,920, based on an online search performed in February 2013. That search was introduced into evidence. Wife testified the residence was worth $150,000, but the court deemed this testimony "not credible." Neither party obtained a formal appraisal.

¶12        Relying on the online search, the court ruled the house had a fair market value of $90,000. It valued the residence as of August 2012, when the dissolution petition was filed. Although the online search occurred six months later, the second page of the search provides a graph estimating the value of the property over time. The court extrapolated from this graph the value of the house as of August 2012.

¶13        We find no abuse of discretion in selecting the valuation date for the marital residence.[3] Additionally, evidence of record supports a fair market value of $90,000.

## II.        Contributions to Wife's Separate Real Property

¶14        When a marital community advances funds to improve the separate property of one spouse, the other spouse has a claim for reimbursement of one-half of the amount so contributed. *Kingsbery v. Kingsbery*, 93 Ariz. 217, 225, 379 P.2d 893, 898 (1963); *In re Marriage of Flower*, 223 Ariz. 531, 538, ¶ 27, 225 P.3d 588, 595 (App. 2010). It is incumbent on the party claiming reimbursement to offer evidence about the cost of such community contributions. *See Reed v. Reed*, 82 Ariz. 168, 172, 309 P.2d 790, 793 (1957).

¶15        The parties agree the community paid for improvements to Wife's separate real property, though they disagree about the amount expended. Wife suggested the community contributed roughly $1400. Husband testified the community spent "[w]ell over $25,000" for improvements such as a block wall, gates, re-tiling floors, an air

---

[3]        Wife acknowledges that mortgage payments after the dissolution petition was served were made with Husband's separate property. *See* A.R.S. § 25-211(A)(2).

conditioner, kitchen countertops and cabinets, and refurbishing bathrooms. No documentary evidence was offered to support either party's estimate.

**¶16**     Stating that the "difference [in the parties' estimates] is $24,660.00," the court divided the difference and determined the community's contribution to be $12,330.00.[4]  The court awarded Husband one-half of that amount, or $6165.

**¶17**     Based on the limited and conflicting evidence the parties offered regarding community contributions to Wife's separate property, we cannot say the court's award was unsupported by any evidence.  *See Biddulph v. Biddulph*, 147 Ariz. 571, 573-74, 711 P.2d 1244, 1246-47 (App. 1985) (holding that where husband presented no evidence regarding his potential tax liability, he could not claim the fault lay with the trial court).

## CONCLUSION

**¶18**     We vacate the award of the marital residence to Husband and remand with instructions to award Wife an equitable share of the house. We affirm the remaining provisions of the dissolution decree.  Husband and Wife both request attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324.  After considering the reasonableness of the parties' positions on appeal and the relatively dated financial information in the record, we deny both requests.  Wife, however, is entitled to recover her taxable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED : gsh

---

[4]     The court explains how it calculated the reimbursement amount at the end of the first full paragraph on page three of the decree.  We presume the court intended to place this explanation at the end of the paragraph addressing community contributions to Wife's separate property.