# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0153
Lower Tribunal No. 19-32138-CA-01
_____

**Daniel Barros**,
Appellant,

vs.

**The Difference Insurance Corporation,
as assignee of Viridiana Garcia,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Ayala Law, P.A., Eduardo A. Maura and Luis F. Quesada, for appellant.

Sodhi Spoont, PLLC, Eric M. Sodhi and Mauricio A. Torres, for appellee.


Before SCALES, C.J., and FERNANDEZ, and GORDO, JJ.

GORDO, J.

Daniel Barros ("Barros") appeals the trial court's order overruling exceptions and ratifying the general magistrate's report; and its civil contempt order. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

On appeal, Barros argues the trial court erred in ratifying the general magistrate's report because the general magistrate's appointment order was not properly recorded. See Fla. R. Civ. P. 1.490(a) ("Judges of the circuit court may appoint . . . general magistrates . . . . The order making an appointment shall be recorded . . . ."). Because Barros never raised this issue in the underlying proceedings, it is not properly preserved for appellate review. See Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 283 n.6 (Fla. 3d DCA 2016) ("The type of jurisdiction at issue in this case is therefore more accurately characterized as 'procedural jurisdiction,' [or] 'case jurisdiction[.]'"); JJJTB, Inc. v. Schmidt, 415 So. 3d 129, 132-33 (Fla. 2025) ("Case jurisdiction . . . refers to a trial court's jurisdiction to act in a case over which it has subject matter jurisdiction. . . . [T]he parties must timely notify the trial court that it lacks case jurisdiction or the objection is waived. . . . Schmidt's failure to timely object to the trial court's lack of case jurisdiction resulted in a waiver of the issue.").

Barros further argues the general magistrate exceeded the trial court's reserved jurisdiction to enforce the terms of the settlement agreement. Because the settlement agreement was sufficiently specific, contemplated modifications, and an amendment was properly executed according to its unambiguous terms, the general magistrate did not exceed its reserved enforcement jurisdiction. See Com. Cap. Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) ("Settlement agreements are contractual in nature and are therefore, interpreted and governed by contract law. . . . Where the contractual language is clear and unambiguous, 'courts may not indulge in construction or modification and the express terms of the settlement agreement control.'" (quoting Sec. Ins. Co. of Hartford v. Puig, 728 So. 2d 292, 294 (Fla. 3d DCA 1999))); Don L. Tullis and Assocs., Inc. v. Benge, 473 So. 2d 1384, 1386-87 (Fla. 1st DCA 1985) ("Tullis says that the definition of prudent operating expenses is an essential element and its being undefined is fatal to the agreement's enforceability. In this case both parties knowingly, thoughtfully and deliberately entered this agreement. They were represented by attorneys with many years experience . . . . The Supreme Court of Florida recently reiterated that it has consistently used an objective test to determine whether a contract is enforceable. The making of a contract depends . . . not on the parties having meant the same thing but on their

3

having said the same thing.  This objective test is met by the facts of this case. . . . There being no infirmity in the trial judge's construction of the agreement . . . the order of the lower court is affirmed.") (internal quotation marks and citation omitted).

Barros lastly argues the trial court erred in finding him in contempt for failing to comply with the January 9, 2025, order adopting and ratifying the general magistrate's report.  Because there is no transcript of the show cause hearing in the record on appeal, and the only information related to the proceeding is found in the civil contempt order, we are compelled to affirm.[1]  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.  Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error."); White v. White, 717 So. 2d 89, 90 (Fla. 3d DCA 1998)

---

[1]  Barros does not argue the trial court violated his due process rights.

("[Where] [t]here is no transcript of the hearing in the record before us[,] we will not disturb the trial court's finding.").

Affirmed.