# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D25-0545 & 25-0546
Lower Tribunal Nos. 24-3357-GD-02 & 20-1603-GD-02

_____


**Hardy Wallace**, etc.,
Appellant,

vs.

**Mark Wallace**, etc., et al.,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Schlesinger Law Group, and Michael J. Schlesinger, for appellant.

Armstrong Teasdale LLP, and Glen H. Waldman, for appellees.


Before MILLER, GORDO and BOKOR JJ.

GORDO, J.

Hardy Wallace ("Hardy") appeals the termination of the guardianship of the property of Milton Wallace—the ward—pursuant to Rule 5.680, Florida Probate Rules. We have jurisdiction. Fla. R. App. P. 9.170.

Hardy argues Mark Wallace and Angel Insua[1] misrepresented that the guardianship had no assets and the trial court prematurely and improperly discharged the guardians and terminated the guardianship of the property. The trial court held a full hearing on this matter and made findings. But Hardy provides no transcript of the hearing.

This Court has consistently applied a deferential standard to guardianship decisions and the substantial burden placed on parties challenging such orders, while applying a de novo standard to issues of law. Waldon v. Waldon, 305 So. 3d 634, 637 (Fla. 3d DCA 2020); Ash v. Ash, 332 So. 3d 563, 567 (Fla. 3d DCA 2021). A trial court's order determining whether to terminate a guardianship is reviewed for an abuse of discretion. In re Guardianship of Walpole, 639 So. 2d 60, 61 (Fla. 4th DCA 1994).

Applying the deferential standard to guardianship decisions and the substantial burden placed on parties challenging such, we must presume the trial court's ruling is correct in the absence of the hearing transcript. See

---

[1] Mark Wallace is Hardy's brother. Angel Insua is Milton Wallace's estate manager, a position he has held for approximately thirty-two years. Both are co-guardians with Hardy.

Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error."); White v. White, 717 So. 2d 89, 90 (Fla. 3d DCA 1998) ("[Where] [t]here is no transcript of the hearing in the record before us . . . we will not disturb the trial court's finding.").

Affirmed.