510 P.2d 41

**H. S. DUNBAR, Appellant,**

v.

**Lucille DUNBAR, Appellee.**

**No. 10929.**

Supreme Court of Arizona,
In Division.

May 23, 1973.

Cavness, DeRose, Senner & Rood by John W. Rood, Phoenix, for appellant.

Otto H. Linsenmeyer & Gerald G. Eastman, Phoenix, for appellee.

STRUCKMEYER, Justice.

The present appeal is a continuation of an appeal, Cause No. 8456, decided July 7, 1967, Dunbar v. Dunbar, 102 Ariz. 352, 429 P.2d 949.

In the first appeal, we determined that certain property treated by the court below as the husband's separate property was community property, and reversed the Superior Court's judgment with directions to enter judgment in conformity with the views therein expressed. The Superior Court on remand treated the property as being held by the parties as tenants in common, pursuant to A.R.S. § 25–318, subsec. G, and so declared. We hold this was error.

A.R.S. § 25–318, subsec. G provides:

"The community property * * * *for which no provision whatsoever has been made in the judgment* * * * shall, from the date the judgment is filed * * * be held by the parties as tenants in common." (Emphasis added)

Section 25–318, subsec. G has no application to the case at bar. In the first appeal, provision was made in the judgment for this community property, but the court erred in holding it to be separate property. It was not overlooked or secreted or for some other reason not brought before the divorce court. Hence, it did not become property held by the parties as tenants in common. *See*, Rothman v. Rumbeck, 54 Ariz. 443, 454, 96 P.2d 755, 759 (1939). At the time the judgment was reversed and the case was returned to the court below, the status of this property was as if no valid judgment had ever been entered. It was incumbent upon the trial court to apply the provisions of A.R.S. § 25–318, subsec. A, reading:

"On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right * * *."

A hearing should be held, if necessary, to determine what is just and right in the distribution of the community property. Among other things, for example, the

court should consider that appellant paid his wife $5,000.00 as required by the first judgment; that he paid off certain sums of money owed on livestock; and that he had paid off a portion of a $40,000.00 indebtedness owed by the community to the Arizona Bank.

The judgment of the court below is reversed, and this cause is remanded with directions to divide the community property of the parties pursuant to § 25–318, subsec. A, *supra*.

HAYS, C. J., and HOLOHAN, J., concur.