NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LARRY POTTS, *Petitioner/Appellant,*

*v.*

GLORIA POTTS, *Respondent/Appellee.*

No. 1 CA-CV 14-0116 FC

FILED 4-2-2015

Appeal from the Superior Court in Maricopa County
No. FN2012-051340
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Gary L. Thomas, Attorney at Law, Phoenix
By Gary L. Thomas
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

**J O H N S E N**, Judge:

¶1 Larry Potts ("Husband") appeals the superior court's order dividing community property and debts between him and Gloria Potts ("Wife") and its denial of his motion for new trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Husband petitioned for dissolution of marriage. In due course, the superior court awarded the marital residence to Husband and found Wife was entitled to an equalization payment of $45,000 to account for the community's equity in the property. It granted Husband credit for certain mortgage and other debt payments, which reduced the equalization payment he owed Wife to $2,158.75.

¶3 Husband moved for a new trial, arguing the court had improperly valued the residence and erred in dividing the community debts. The court denied the motion. This court has jurisdiction over Husband's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(a) (2015).[1]

## DISCUSSION[2]

### A.    Nature of the Marital Residence.

¶4 All property acquired during marriage, except by gift, devise or descent, is presumed to be community property. *See* A.R.S. § 25-211(A)(1) (2015). "When one spouse buys property with separate funds and places it in joint tenancy, there is a presumption that the spouse intended to make a gift to his spouse of one-half of the property." *Toth v. Toth*, 190 Ariz. 218, 220 (1997). This presumption may be overcome only by clear and convincing evidence of the separate character of the property. *Hatcher v. Hatcher*, 188 Ariz. 154, 159 (App. 1996).

---

[1] Absent material revisions after the date of the events at issue, we cite a statute's current version.

[2] Although Wife did not file an answering brief, we do not deem that failure a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (doctrine of confession of reversible error is discretionary).

¶5        Husband acquired the martial residence via a special warranty deed conveying the property to him, "a married man as sole and separate property."  At the time, Wife executed a disclaimer deed in which she disclaimed all interest in the property.  Eight months later, however, Husband executed a warranty deed conveying the property to himself and Wife.  Husband testified he conveyed the interest to Wife in exchange for her promise to improve the home using money she expected to inherit, but alleged Wife did not fulfill her promise.  Wife denied Husband's account and claimed he took title to the property in his name to facilitate purchase financing and later conveyed an interest in the property to her because he intended that her children eventually would inherit the property.  Wife also testified she made improvements to the residence with her separate funds during the marriage.

¶6        The superior court found Husband did not establish that he had granted Wife an interest in the residence in exchange for a promise by her to pay to improve the property.  Having found Husband failed to rebut the presumption that he intended to make a gift of one-half of the marital residence to Wife, the court divided the marital residence as community property.  We will not disturb the court's factual determinations unless they are clearly erroneous. *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001).  A finding of fact is not clearly erroneous if it is supported by substantial evidence, even in the presence of conflicting evidence. *See In re Estate of Pouser*, 193 Ariz. 574, 580, ¶ 18 (1999).

¶7        Husband has demonstrated no error in the court's factual finding, which was based on credibility determinations. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) (appellate court defers to the superior court's "determination of witnesses' credibility and the weight to give conflicting evidence"); *see also Danielson*, 201 Ariz. at 406, ¶ 13.

## B.        Division of Community Property and Debts.

¶8        Husband next argues the superior court abused its discretion in valuing the martial residence and dividing the parties' community debts.  This court will sustain the superior court's valuation of a community asset if it is supported by reasonable evidence and will not disturb the court's apportionment of community property absent an abuse of discretion. *See Johnson v. Johnson*, 131 Ariz. 38, 46 (1981) (upholding valuation of family residence as supported by reasonable evidence); *Gutierrez*, 193 Ariz. at 346-48, ¶¶ 5-13 (abuse of discretion standard applies

to apportionment of marital property).  We view the evidence in the light most favorable to sustaining the superior court's findings.  *Id.* at 346, ¶ 5.

¶9        Husband testified the marital residence was worth $200,000 at the time of trial and that it had been worth $140,000 when he filed the petition for dissolution.  Wife testified the residence was worth $240,000.  Neither party obtained a formal appraisal, but both testified based upon information received from real estate agents.  The superior court found the value of the property to be $220,000.

¶10       Husband contends the court erred by valuing the martial residence at $220,000 rather than $140,000, what he testified the residence had been worth when he filed the petition for dissolution.  The superior court's selection of a valuation date when it divides property pursuant to A.R.S. § 25–318(A) (2015) rests within its "wide discretion" and "will be tested on review by the fairness of the result." *Sample v. Sample*, 152 Ariz. 239, 242-43 (App. 1986).  Applying this standard, the superior court did not abuse its discretion in selecting the valuation date for the marital residence.  Husband offered no evidence that the increase in value after he filed the petition was due to anything other than market forces.  Moreover, the property belonged to the community and both parties were entitled to share in its appreciation.[3]

¶11       Husband argues the court erred by finding him not credible and rejecting his testimony that the property was worth $140,000 at the time he filed the petition because his evidence was uncontradicted.  However, it is the superior court's role to determine the credibility of witnesses and we defer to its decision. *See Gutierrez*, 193 Ariz. at 347, ¶ 13.  Moreover, because the court applied a different valuation date, it is irrelevant whether it accepted Husband's testimony regarding the value of the property on the date the petition was filed.[4]

¶12       Finally, Husband's argument that the court erred in allocating the community debts to him is based on the premise that the

---

[3]     The court awarded Husband a credit for one-half of the amount he paid toward the mortgage between the date he filed the petition and trial.

[4]     It appears the court credited Husband's testimony concerning the value of the property at the time of trial to some extent, as it split the difference between Husband's claimed value ($200,000) and Wife's claimed value ($240,000).

residence was his sole and separate property and the court erred in valuing it. Because the court did not err in dividing the residence as community property or valuing it, we also reject Husband's argument regarding the allocation of the community debts.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm the superior court's order.

