NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MONICA LYNN ABASCIANO, *Petitioner/Appellee*,

*v.*

FRANK ABASCIANO, *Respondent/Appellant*.

No. 1 CA-CV 25-0100 FC

FILED 01-23-2026

Appeal from the Superior Court in Maricopa County
No. FN2021-091448
The Honorable Lisa Stelly Wahlin, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART WITH INSTRUCTIONS**

COUNSEL

M&M Law Group, PLLC, Gilbert
By Alan J. Mamood
*Co-Counsel for Respondent/Appellant*

Heath Law, PLLC, Scottsdale
By Ryan L. Heath
*Co-Counsel for Respondent/Appellant*

Jeffrey M. Zurbriggen, P.C., Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Andrew J. Becke joined.

---

**B R O W N**, Judge:

¶1            Frank Abasciano ("Husband") appeals the superior court's dissolution decree ending his marriage with Monica Lynn Abasciano ("Wife").  Husband argues the court improperly weighed the relevant statutory factors when awarding spousal maintenance to Wife.  He also contends the court (1) made several errors when dividing community property, including the assets of Abasciano Demolition LLC ("Company"), and (2) abused its discretion by awarding attorneys' fees to Wife.  For reasons below, we affirm the spousal maintenance award and the fee award, but we vacate a portion of the decree addressing Company assets and remand for further proceedings consistent with this decision.

**BACKGROUND**

¶2            The parties married in August 2005, and Wife filed for dissolution in April 2021.  After multiple continuances, the superior court scheduled trial for January 2024, requiring disclosure to be completed by October 31, 2023.  On October 27, 2023, Wife moved for a business valuation, requesting that Husband pay the costs.  He objected, asserting the parties were unlikely to agree on the Company's value and no legal authority permitted the court to order a valuation.  The court granted Wife's motion in part, explaining she had to disclose the valuation no later than 20 days before trial, but she would "bear the full cost subject to reallocation at trial."

¶3            In January 2024, Wife moved to continue, asserting she needed more time to obtain records for the business valuation.  The court continued the trial until April 18, 2024.  In March 2024, Wife moved for another continuance, again citing the need to obtain pertinent records.  The court denied Wife's motion and confirmed the existing trial date but later reconsidered and granted Wife's expedited motion to continue, rescheduling trial for October 2024.

**¶4**         In the parties' stipulated scheduling order, Wife agreed to begin the business valuation by May 2024, and to disclose it to Husband no later than July.  In September, Husband moved for sanctions under Arizona Rule of Family Law Procedure ("Rule") 65, asserting Wife had willfully and repeatedly failed to complete the business valuation.  The court granted Husband's motion, stating that Wife would be "prohibited from introducing evidence regarding the valuation of Husband's [Company]" at trial.

**¶5**         At trial, the court heard testimony from Husband's accountant, Husband, and Wife, and admitted many exhibits into evidence, including Husband's November 2023 deposition, where he had testified about various Company assets.

**¶6**         As pertinent here, the superior court awarded Wife half of the equity in the marital home and $355,000 for her share of the Company assets.  The court also awarded Wife spousal maintenance of $3,000 per month for 5 years, plus $25,410 for attorney's fees and costs incurred in the litigation.  Husband timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### A.         Spousal Maintenance

**¶7**         Husband argues the superior court abused its discretion by finding Wife was eligible for spousal maintenance under each of the statutory factors.  We review a court's rulings on spousal maintenance for an abuse of discretion, *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007), and view the evidence in the light most favorable to Wife, *see Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).  Because neither party requested findings of fact and conclusions of law, "our standard of review presumes the superior court found every fact necessary to support its decision."  *See Whitt v. Meza*, 257 Ariz. 176, 180, ¶ 8 (App. 2024); *Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990) ("A litigant must object to inadequate findings of fact . . . at the trial court level so that the court will have an opportunity to correct them."); Ariz. R. Fam. Law P. 82(a)(1) ("If requested before trial, the court must make separate findings of fact and conclusions of law.").

**¶8**         In reviewing the spousal maintenance award, we first consider whether Wife meets the statutory requirements in A.R.S. § 25-319(A).  *See Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984).  Then we consider whether the court properly applied the factors in A.R.S.

§ 25-319(B) when determining the amount and duration of the spousal maintenance award. *See id.*

**¶9** A party is entitled to spousal maintenance if the court finds any of the five reasons listed in A.R.S. § 25-319(A)(1)–(5) have been established.[1] *See In re Marriage of Cotter*, 245 Ariz. 82, 86, ¶ 10 (App. 2018). We uphold the court's factual findings on spousal support eligibility under the statutory factors unless the findings are clearly erroneous or are unsupported by credible evidence. *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010); *see also Thomas*, 142 Ariz. at 390.[2]

**¶10** The superior court found Wife eligible because she lacks sufficient property to provide for her reasonable needs under A.R.S. § 25-319(A)(1). Wife testified she had no substantial assets, savings, retirement or stock accounts, and did not own a home. Because that evidence supports the court's eligibility finding, we need not address Wife's eligibility under the remaining factors. *See Gutierrez*, 193 Ariz. at 348,

---

[1] The factors listed in A.R.S. § 25-319(A) that were in effect when Wife petitioned for dissolution petition provided that a spouse is eligible for an award of spousal maintenance if that spouse:

1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.
2. Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.
3. Has made a significant financial or other contribution to the education, training, vocational skills, career or earning ability of the other spouse.
4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.
5. Has significantly reduced that spouse's income or career opportunities for the benefit of the other spouse.

[2] Because Wife filed her dissolution petition before September 24, 2022, the Arizona Spousal Maintenance Guidelines do not apply here. A.R.S. § 25-319 app. § I.C.1.

¶ 17 (stating A.R.S. § 25-319(A) requires only one factor to be satisfied for the court to award spousal maintenance).

**¶11**        Husband also challenges the duration and amount of the spousal maintenance award under A.R.S. § 25-319(B), asserting the court misapplied 7 of the 13 statutory factors and "ignored the purpose of A.R.S. § 25-319(B)." In reviewing the award, we must determine whether the court properly considered the statutory factors listed in A.R.S. § 25-319(B). *Gutierrez*, 193 Ariz. at 348, ¶ 15. "To strike the proper balance, the court need not apply every factor[.]" *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993). Instead, the court must conduct a "case-by-case inquiry" when determining which statutory factors are applicable. *Id.*

**¶12**        After addressing the factors on which the parties presented "credible evidence," *see* A.R.S. § 25-319(B)(1)–(10), the court awarded Wife spousal maintenance in the amount of $3,000 per month for five years. Husband argues the court misapplied the following factors:

> 1. The standard of living established during the marriage.
>
> . . .
>
> 3. The age, employment history, earning ability and physical and emotional condition of the spouse seeking maintenance.
>
> 4. The ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance.
>
> 5. The comparative financial resources of the spouses, including their comparative earning abilities in the labor market.
>
> . . .
>
> 8. The ability of both parties after the dissolution to contribute to the future educational costs of their mutual children.
>
> 9. The financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouse's own needs independently.
>
> 10. The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find

appropriate employment and whether such education or training is readily available.

A.R.S. § 25-319(B).

**¶13** Husband contends the court misapplied A.R.S. § 25-319(B)(1) when it found the parties had a "comfortable standard of living during the marriage" because: (1) the court ignored Husband's "financial records showing both parties earned similar incomes during the marriage,"(2) the evidence showed Wife was not financially dependent on Husband during the marriage, and (3) the court failed to consider the difference between his current standard of living and the standard of living he and Wife had during the marriage. We disagree with Husband's characterization of the court's findings.

**¶14** During his deposition, Husband stated he paid for "all the house bills" during the marriage, exemplifying Wife's financial dependence. Husband further described the parties' marital standard of living as comfortable and explained the Company's financial performance has continuously improved. Because neither party requested findings of fact and conclusions of law, we presume the court properly considered Husband's financial records as well as evidence concerning Wife's financial dependence and the parties' standard of living. *See Whitt*, 257 Ariz. at 180, ¶ 8. It was within the court's discretion to weigh the evidence before it, and thus Father has not shown the court abused its discretion in addressing § 25-319(B)(1).

**¶15** Husband argues the court's findings relating to A.R.S. § 25-319(B)(3) "are incomplete and legally irrelevant." But he cites no authority supporting his argument, nor does he cite the portions of the record he claims support his argument. As a result, Husband has waived this argument, and we need not address it. *See J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021) ("Arguments that are unsupported by legal authority and adequate citation to the record are waived.").

**¶16** Without citation to authority, Husband asserts the court abused its discretion by focusing on Company assets, rather than his actual income, to assess his ability to pay Wife spousal maintenance in accordance with A.R.S. § 25-319(B)(4). But Husband misconstrues the court's analysis. The court considered these facts when determining his ability to pay spousal support: (1) the success of the Company, which increased its income yearly; (2) the Company's ownership of substantial equipment; (3) the Company's June 2021 total equity of $435,844.88; (4) the Company's

2022 tax return reflected over $1 million in gross receipts; 5) Husband's purchase of a Ferrari during the pendency of the divorce; and (6) his 2022 personal tax return showed $281,994 in taxable income. And the court received other evidence about Company income, including Husband's deposition testimony confirming a $700,000 balance in the Company checking account as of November 2023.

¶17 Husband also contends the court erred by finding his income had "doubled" each year since 2017. Under A.R.S. § 25-319(B)(5), the court determined Husband had more financial resources and earning ability than Wife. Husband testified during his deposition that in 2017 his income from the Company was $100,000 or $150,000, in 2019 his income was $300,000, and in 2021 his income was between $400,000 and $500,000. Although Husband's income did not actually "double" each year, the court's finding supports the point that Husband's income had increased significantly over the past several years, which he does not dispute.

¶18 Under A.R.S. § 25-319(B)(8), the court determined that Husband had a greater ability to contribute to the parties' adult son's educational needs. Husband argues the court erred in considering Husband's ability to contribute to their son's educational costs, asserting no trial evidence showed such expenses exist. The record, however, shows the son obtained educational loans under the presumption that Husband and Wife would contribute to the loan payments.

¶19 As to A.R.S. § 25-319(B)(9), Husband claims the court's finding that Wife was living with her mother because Wife could not afford housing on her own was contradicted by trial testimony. But during Wife's deposition, she explained she lived with her mother because she could not afford to be self-sustainable. We do not reweigh the evidence on appeal and "will affirm the court's ruling if it is supported by substantial evidence—even if conflicting evidence also exists." *Andrews v. Andrews*, 252 Ariz. 415, 417, ¶ 7 (App. 2021).

¶20 Husband contends the court erred by considering Wife's speculative educational plans under A.R.S. § 25-319(B)(10), stating that Wife had to show evidence of "a legitimate educational plan." Husband relies on *Gutierrez*, contending that a maintenance award "cannot be based upon mere hopes and speculative expectations." *See Gutierrez*, 193 Ariz. at 349, ¶ 23 (citation omitted). But during her deposition, and at trial, Wife gave conflicting testimony on whether she intended to pursue further education. We will affirm the court's decision when it is supported by substantial evidence "even if conflicting evidence also exists." *Andrews*, 252

Ariz. at 417, ¶ 7. Thus, Husband has not shown the court abused its discretion.

¶21 Husband claims the court erred by failing to explain why Wife's current employment is not "appropriate employment" under A.R.S. § 25-319(B)(10). We disagree. Addressing this factor, the court explained that Wife is 59 and unlikely to "be able to increase her earning ability at her current vocation. She has been a server and a bartender for many years. Wife would like to be able to further her education so she can increase her earning ability." Although the court did not specifically reference "appropriate employment," the court's finding on this factor must be read in context with the other findings addressing the § 25-319(B) factors, which show Wife desires to increase her earning potential because she is unable to independently meet her needs.

¶22 Moreover, the superior court has broad discretion in assessing the facts of each case. *See Deatherage v. Deatherage*, 140 Ariz. 317, 319 (App. 1984) ("The question of spousal maintenance is left to the sound discretion of the [superior] court"). The court's omission of a specific explanation on why Wife's employment is not "appropriate," does not mean the court abused its discretion, especially when Father did not request findings of fact and conclusions of law. *See Whitt*, 257 Ariz. at 180, ¶ 8. Reasonable evidence supports the superior court's decision as to each § 25-319(B) factor Husband has challenged.

¶23 Finally, Husband contends the superior court ignored the purpose of A.R.S. § 25-319(B) because "financial resources available to Wife, her stable employment and self-sufficiency contradict the necessity and appropriateness of spousal maintenance." Husband is essentially asking us to reweigh evidence on appeal, which we cannot do. *See Andrews*, 252 Ariz. at 417, ¶ 7. Even so, the court appropriately explained in the decree that the purpose of spousal maintenance is "to achieve independence for both parties and to require an effort toward independence by the party requesting maintenance." *Schroeder v. Schroeder*, 161 Ariz. 316, 321 (1989). And as outlined above, the court considered each relevant factor in reaching its decision. We reject Husband's assertion that the court ignored the purpose of § 25-319(B).

## B. Division of Company Assets

¶24 For several reasons, Husband challenges the superior court's decision to award Wife half the value of a portion of the Company assets.

¶25 In the decree, the court relied on Husband's deposition testimony when calculating the amount Husband owed to Wife for her share of the Company assets, as follows:

> During Husband's [November] 21, 2023 deposition, Husband testified about the various purchases he made for [the Company]:
>
> - Reed Machinery[,] 42-inch bucket, $5[,]800
> - Komatsu excavator, $227,000
> - 2009 Peterbilt Tractor Trailer, $26,000
> - 2009 Ford Escape, $7[,]000
> - 1997 Ford Service Truck, $4,200
> - 2022 F-250 diesel[,] $95,000
> - 2022 F-250[,] $70,000
> - 2019 F-350[,] $55,000
> - 2023 16-inch High Desert trailer, $6[,]000
> - 1999 Travis Trailer, $25,000
> - Kubota skid steer, $58,000
> - 2007 Ferrari F430, $101,000
> - Dump trailer, $8[,]000
> - Low-bed trailer, $22,000
>
> Neither party presented evidence regarding when the 2007 Ferrari was purchased. Accordingly, the Court does not include the 2007 Ferrari in the [Company] assets or personal assets.

The figures listed above total $710,000, and the court awarded Wife "50% of the assets of [the Company] in the amount of $355,000."

¶26 Community property must be divided "equitably, though not necessarily in kind, without regard to marital misconduct." A.R.S. § 25-318(A). The superior court is not "bound by any per se rule of equality," but has "discretion to decide what is equitable in each case." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). That discretion includes the ability to choose a valuation date for community assets, such as a shared business. *See Sample v. Sample*, 152 Ariz. 239, 242 (App. 1986). "While community property generally implies equal ownership between both spouses, and an equal distribution may often be the most equitable, 'there may be sound reason to divide the property otherwise.'" *Meister v. Meister*, 252 Ariz. 391, 396, ¶ 13 (App. 2021) (citing *Toth*, 190 Ariz. at 221).

### a. Rule 65 Sanction

**¶27**        Husband argues the court erred by revoking its Rule 65 sanction against Wife and considering his deposition as "business valuation" evidence, claiming the court should have found the Company to be valueless because he did not introduce evidence supporting the same during trial.

**¶28**        The sanction prohibited Wife from introducing evidence of the valuation of the Company but did not prohibit the court from using Husband's own deposition to assess the value of specific Company assets. The parties contested the Company's value throughout the litigation. Although Husband requested that Wife be precluded from introducing Company *valuation* evidence at trial, he did not object to Wife's admission of his own deposition into evidence or to the court's consideration of that evidence, as well as trial testimony, addressing the value of certain Company assets. Ultimately, he failed to present meaningful evidence on what he believed the Company was worth, including whether certain assets had depreciated. Husband knew, or should have known, the court needed to consider all evidence before it to achieve its task of equitably dividing all the community property, including the Company assets. He has not shown the court abused its discretion.

### b. Denial of Due Process

**¶29**        Husband argues the superior court deprived him of due process, contending the court should have given him notice of its "business valuation." He claims he "only realized the court's intent to conduct the valuation when he received the decree." We review de novo a party's claim that they were denied due process. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014).

**¶30**        Nothing in the record shows the court conducted a "business valuation." Nor does the record indicate Husband provided evidence regarding the Company's worth or how the court should divide the Company's value. Instead, Husband took the position, at least in part, that the Company was his separate property, which the court rejected.

**¶31**        Husband had sufficient notice the court could consider evidence presented at trial about the Company assets and the extent to which Husband would owe Wife funds for her share of those assets. In his amended pretrial statement, Husband asserted the Company was his separate property but he also acknowledged the possibility that the court would need to equitably divide the Company assets. In her amended

pretrial statement, Wife listed the values of various Company assets that Husband mentioned in his deposition, including the $700,000 in cash reserves as of November 2023. Wife claimed the value of the Company was $1,488,000.

**¶32** Husband had no reasonable basis to believe he could walk away from the divorce without accounting in some way for Wife's community interest in the Company assets. The sanction prohibited Wife from introducing evidence at trial of a business valuation but that did not prevent the court from considering the evidence that was introduced at trial to calculate Wife's equitable share of the assets. Finally, because the deposition was Husband's own testimony and it was admitted into evidence without objection, Husband had adequate notice the court could consider the evidence presented before it. Husband was not deprived of due process, and the court did not err in assigning value to certain business assets based on his deposition testimony.

**¶33** Husband also argues the court erred by using a valuation date range and assigning the purchase price as to each asset's value, contending the "business valuation" is inequitable because the court did not consider asset depreciation. As noted above, the court did not conduct a business valuation. Rather, the court equitably distributed the Company's assets as community property based on the evidence before it. Given the court's broad discretion to equitably distribute community property, except for the specific items addressed below, Husband has not shown the court erred.

### c. Company Property Acquired After Service of Petition

**¶34** In the decree, the court determined the Company was community property because "Husband failed to establish the separate character of the property." Husband concedes the Company property and value at the time of service of the petition for dissolution "obviously constitutes community property." But he contends no evidence shows he used community funds to buy Company assets after the date Wife served Husband, July 14, 2021. According to Husband, the court erred by conducting a business valuation using dates after that date because any increase in value after that date is Husband's sole property.

**¶35** As an initial matter, Husband does not direct us to any portion of the record where he asked the court to specifically value the Company as of July 14, 2021. Nor does he show us where he presented any evidence as to the Company's value, so he cannot fairly complain that the court selected its own timeframe for placing a value on only a portion of the

Company assets. *Cf. Meister*, 252 Ariz. at 400, ¶ 30 ("Absent a proper request from a party that triggers mandatory 'separate findings of fact and conclusions of law,' no bright-line rule exists as to what a court must include in addressing whether a selected valuation date is equitable.").

**¶36** Even so, we review the court's characterization of property as separate or community de novo. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015).

**¶37** "Property takes its character as separate or community at the time of acquisition and retains that character throughout the marriage." *Bell–Kilbourn v. Bell–Kilbourn*, 216 Ariz. 521, 523, ¶ 5 (App. 2007). "Generally, property acquired during marriage is community property and property acquired after service of a petition for dissolution is separate property." *Helland v. Helland*, 236 Ariz. 197, 200, ¶ 11 (App. 2014) (citing A.R.S. § 25-211(A)). Still, the superior court may utilize alternative valuation dates to ensure the division of community assets results in substantial equity. *See Sample*, 152 Ariz. at 242. The spouse seeking to overcome the presumption that property acquired during marriage is community property must establish by clear and convincing evidence the separate character of the property. *Schickner*, 237 Ariz. at 199, ¶ 22.

**¶38** Here, Husband has not shown by clear and convincing evidence that the court erred in implicitly finding the Company assets were purchased with community funds. And the court acted within its discretion by implicitly utilizing an alternative date for assigning a value to the assets listed above. *See Sample*, 152 Ariz. at 242; *Meister*, 252 Ariz. at 397, ¶ 17 (recognizing that "(1) a court's choice of a valuation date should generally be dictated by pragmatic considerations, and (2) the decision must comport with principles of fairness and equity").

### d. Ferrari, 2022 Ford F-250s, and Komatsu Excavator

**¶39** Husband argues the superior court abused its discretion by (1) including Husband's Ferrari in the list of Company assets, (2) including two trucks in the list when one of them had been traded, and (3) failing to consider the debt owed on the excavator. We review a court's property distribution decisions relating to a community business for an abuse of discretion. *See Schickner*, 237 Ariz. at 197, ¶ 13. If the court bases its decision on a clearly erroneous finding of fact, it has abused its discretion. *See Shoen v. Shoen*, 167 Ariz. 58, 62 (App. 1990).

**¶40** The decree states, "[n]either party presented evidence regarding when the 2007 Ferrari was purchased. Accordingly, the [c]ourt

12

does not include the 2007 Ferrari in the [Company] or personal assets." That finding is consistent with Husband's testimony that he bought the Ferrari after he was served with the dissolution petition, it was paid for by "personal check," and titled in his name. However, the court still included the value of the Ferrari in the Company asset list. On remand, the court must clarify whether it included the Ferrari's value when assigning Wife her share of the Company assets and if not, whether the $355,000 payment should be modified or is justified based on other factors.

¶41 During his deposition, Husband testified that he traded in a 2022 F-250 gas truck for a 2022 F-250 diesel truck. Yet the court included both vehicles in valuing the Company assets. As for the Komatsu excavator, Husband testified during his deposition the price of the Komatsu excavator was $227,000, but he had taken a loan for "about 100,000" and owed "roughly 50 grand." Husband also testified he "traded another machine in" to pay for the excavator. The court, however, did not explain whether the $355,000 payment to Wife included the 2022 F-250 diesel truck and the Komatsu excavator, or if that payment was based on additional considerations, such as other Company assets (including a substantial amount of cash) and Husband's credibility. On remand, the court shall reconsider whether the $355,000 payment is supported by the evidence and must clarify which assets were used to determine that amount.

## C. Attorneys' Fees and Costs – Superior Court

¶42 The superior court awarded Wife $25,410 in attorneys' fees and costs under A.R.S. § 25-324(A), finding Husband had "considerably more resources available to contribute toward" a portion of Wife's reasonable fees and costs. Husband challenges the court's order, asserting the decision was "hinged on the perceived financial disparity between the parties and unfairly characterized Husband's conduct . . . as unreasonable but also failed to consider the full extent of Wife's unreasonable actions."

¶43 Section 25-324(A) authorizes a court to award fees in dissolution proceedings after consideration of the parties' financial resources and the reasonableness of their positions during the proceedings. A party may request that the court make specific findings about what portions of the award were based on financial resources versus reasonableness of positions, but neither party did so here. A.R.S. § 25-324(A). We review an award of attorneys' fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

¶44 Income disparity may support an attorneys' fees award even when the opposing party's position has been reasonable. *In re Marriage of In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 29 (App. 2000); *see also Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶ 23 (App. 2012). Record evidence supports the court's finding that "there is a substantial disparity of financial resources between the parties." Thus, we need not consider the reasonableness of the positions the parties took because the disparity in income supports the fee award.

### D. Attorneys' Fees and Costs – Appeal

¶45 Each party requests an award of attorneys' fees incurred on appeal under A.R.S. § 25-324. In our discretion, we deny both requests. As the successful party on appeal under A.R.S. § 12-341, Husband is entitled to taxable costs subject to compliance with ARCAP 21.

¶46 In his reply brief, Husband claims Wife's attorney violated ethical rules by mispresenting critical facts in the answering brief, and such conduct warrants sanctions. Husband therefore requests attorneys' fees as a sanction under A.R.S. § 12-349 against Wife and her attorney. We deny his request.

### CONCLUSION

¶47 We affirm the decree of dissolution except we vacate the portion of the decree awarding Wife $355,000 for her share of the specified Company assets and remand for clarification, and if necessary, modification of the asset values the superior court relied on in reaching its decision. Although not required, the court may direct the parties to present more evidence to resolve these issues on remand.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR